■ CAROL ANN AIELLO, Respondent, v THOMAS MICHAEL AIELLO, Appellant. [827 NYS2d 82]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Barros, J.), dated March 31, 2005, as, upon a decision of the same court dated November 4, 2004 (Platt, J.H.O.), (1) awarded the plaintiff wife the sum of $129,557.40 and awarded him the sum of only $24,677.60, less any distributions already received from the funds being held in escrow by the parties' attorneys in connection with the sale of real property located at 43 Bay 10th Street, Brooklyn, and (2) awarded the plaintiff wife the sum of $432.69 per week as child support for the parties' two children and awarded him the sum of only $25 per month child support for one child.

Ordered that the judgment is modified, on the law and the facts, by deleting from the eleventh decretal paragraph thereof the sums of $129,557.40 and $24,677.60 and substituting therefor the sums of $105,743.68 and $48,491.56, respectively;

as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

On June 8, 2000 the parties executed a separation agreement which provided, inter alia, that all property "now owned by him or her . . . or which may hereafter belong to" either party was free of any claim of the other, "with full power . . . to dispose of the same . . . as if he or she were unmarried" and that any reconciliation by the parties would not invalidate the agreement unless they executed a written document acknowledging their reconciliation and expressly indicating their intent to cancel it.

In December 2001 the parties reconciled but did not acknowledge their reconciliation in writing. While reconciled they purchased real property located at 43 Bay 10th Street, Brooklyn (hereinafter the premises). The plaintiff wife provided the sum of $116,985 for the down payment and closing costs. After the closing and through February 2002, the parties spent $56,771.50 to renovate the premises, $4,300 from a joint income tax refund, and $52,471.50 from the defendant husband's funds. The parties' reconciliation ended and they sold the premises, receiving net proceeds of $154,235.24.

In distributing the $154,235.24, the Supreme Court erred in crediting each of the parties with one half of the $56,771.50 spent on renovations. Pursuant to the terms of the parties' agreement, each parties' contribution to the asset constituted separate, not marital property. The agreement specifically provided that any property owned by either party at the time of the execution of the separation agreement or thereafter would be treated as if the parties were unmarried.

The evidence indicated that the husband expended $52,471.50 of his separate funds for renovations, and thus he should have received sole credit for those expenses. The remaining $4,300 expended on renovations came from the parties' joint income tax refund, and accordingly, each of the parties should have been credited for one half of that amount. Thus, of the $173,756 the parties invested in the premises, the defendant husband provided 31.44% of the funds and the plaintiff wife provided 68.56% of the funds. The distribution of the sale proceeds of the premises should have been allocated accordingly.

With respect to child support, the plaintiff wife established that a change of circumstances had occurred after the execution of the parties' separation agreement. In view of the defendant's admission that he received $20,000 per year in gifts which were not reflected on his net worth statement, the Judicial Hearing Officer properly determined the defendant's income upon those admissions and other evidence in the record.

The defendant's remaining contentions are without merit. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.